## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

LIFENET, INC.,              )
                              )
       Plaintiff/           )
       Counterclaim-Defendant,    )
                              )
v.                         )   Civil Action No. 3:06CV387–HEH
                              )
MUSCULOSKELETAL TRANSPLANT   )
FOUNDATION,               )
                              )
       Defendant/         )
       Counterclaim-Plaintiff.     )

### MEMORANDUM OPINION
### (Denying Defendant's Motion to Disqualify Plaintiff's Counsel)

This is a patent infringement action involving a bone cleansing process with clinical application. The matter is before the Court on the defendant's Motion to Disqualify Morgan Lewis & Bockius LLP as Counsel for Plaintiff. Both parties have filed extensive memoranda of law supporting their respective positions. In addition, the Court has reviewed *in camera* documents submitted by the Musculoskeletal Transplant Foundation ("MTF"). The Court heard oral argument on April 3, 2007. At the conclusion of the hearing, the Court found the existence of a conflict in Morgan Lewis's representation of Plaintiff LifeNet, Inc., but deferred action on the issue of disqualification pending submission of supplemental memoranda.

Few of the operative facts are in dispute. Counsel for the plaintiff, Robert W. Busby and W. Jackson Matney, began their representation of LifeNet while affiliated with

the law firm of Baker & McKenzie in Washington, D.C.  They had served as LifeNet's sole intellectual property counsel for a number of years.  In February 2007, Mr. Busby and Mr. Matney moved their practice to Morgan Lewis, taking their client LifeNet and this case with them.  The day following their association with Morgan Lewis, MTF served notice on Morgan Lewis and the Court of a potential conflict.

The alleged conflict focuses on another attorney with Morgan Lewis, Scott Stimpson, who had authored a non-infringement opinion for Defendant MTF.  This opinion was issued in February 2002 while Mr. Stimpson was practicing with the firm of Pennie & Edmonds, LLP.  The opinion issued by Mr. Stimpson found that MTF's bone washing process did not infringe LifeNet's bone washing process patents.  The opinion bore the conspicuous notation "CONFIDENTIAL/ATTORNEY-CLIENT PRIVILEGE" and referred to two of the accused patents in this case, U.S. Patent Nos. 5,797,871  and 5,976,104.[1]

On December 31, 2003, after Pennie & Edmonds dissolved its practice, Mr. Stimpson moved to the firm of Morgan Lewis in New York.  Upon discovering the potential conflict, Morgan Lewis established an ethical screen to prevent disclosure of confidential information from Mr. Stimpson to Mr. Busby and Mr. Matney.  In fact, Mr. Busby and Mr. Matney deny ever meeting Mr. Stimpson, who denies ever representing

---

[1]Once an attorney-client relationship has been established, an irrebuttable presumption arises that confidential information was conveyed.  *Westinghouse Elec. Corp. v. Gulf Oil Corp.*, 588 F.2d 221, 224 n.3 (7th Cir. 1978).

MTF.  However, documents submitted for *in camera* review appear to establish a prior attorney-client relationship.[2]

It is important to note that LifeNet has included a claim of willful infringement. The opinion letter issued by Mr. Stimpson in February 2002 could have potential relevance on that issue.  In fact, by letter dated April 13, 2007, MTF through counsel notified this Court that it "intends to use Mr. Stimpson's opinion at trial."  Following this disclosure, counsel for Morgan Lewis informed the Court in its Supplemental Memorandum in Opposition to Disqualification, that Mr. Stimpson had withdrawn from the firm effective April 17, 2007.

The well-established analytical framework for reviewing motions for disqualification of counsel on the basis of conflict of interest has two components. Initially, this Court must determine whether a conflict exists, and if so, whether the drastic remedy of disqualification is warranted.  To support its claim of conflict of interest, MTF must establish that an attorney-client relationship existed between MTF and Mr. Stimpson and that the former representation and the current infringement suit are substantially related.  *Allegaert v. Perot*, 565 F.2d 246, 250 (2nd Cir. 1977); *see also Tessier v. Plastic Surgery Specialist, Inc.*, 731 F. Supp. 724, 730 (E.D. Va. 1990).  "Substantially related"

---

[2]MTF has neither consented to nor waived any potential conflict.  To the contrary, it has filed this motion for disqualification.

has been defined to be "identical" or essentially the same.  *Government of India v. Cook Indus., Inc.*, 569 F.2d 737, 738 (2nd Cir. 1978).

Based on a review of the materials submitted and the argument of counsel, the Court is of the opinion that Mr. Stimpson's attorney-client relationship with MTF is substantially related to the issues in the immediate claim and is materially adverse to Mr. Busby's and Mr. Matney's representation of LifeNet.  Their relationship is therefore a conflict under Virginia Rule of Professional Conduct 1.9.[3]  By extension, the conflict is imputed to the entire firm under Virginia Rule of Professional Conduct 1.10.[4]  Having found that a conflict at some point existed, the Court must next determine if Scott Stimpson's withdrawal from Morgan Lewis dissolves the need for disqualification.

In deciding the appropriate remedy for a conflict of interest, this Court is mindful of the Fourth Circuit admonition in *United States v. Clarkson*, 567 F.2d 270 (4th Cir.

---

[3]Rule 1.9(a) states:

A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related mater in which that person's interests are materially adverse to the interest of the former client unless both the present and former client consent after consultation.

Va. Rules of Prof'l Conduct 1.9(a).

[4]Rule 1.10(a) states:

While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.6, 1.7, 1.9, or 2.10(e).

Va. Rules of Prof'l Conduct 1.10(a).

4

1977).  "[T]he trial court is not to weigh the circumstances 'with hair splitting nicety', but in the proper exercise of its supervisory power over the members of the bar and with a view of preventing 'the appearance of impropriety' it is to resolve all doubt in favor of disqualification."  *Id*. at 273 n.3 (internal citations omitted).  On the other hand, the Court must also consider the consequent loss of time and money potentially incurred by Plaintiff if it is compelled to engage new counsel.  *Government of India*, 569 F.2d at 737.  The attorneys here in question have represented the plaintiff for several years.  Substitute counsel would undoubtedly require several months to familiarize themselves with this case, perhaps necessitating a continuance of the Markman hearing and trial.

The Fourth Circuit has also counseled trial courts to avoid "a mechanical application" of the Virginia Rules of Professional Conduct.  As the Fourth Circuit commented,

> It behooves this court, therefore, while mindful of the existing Code, to examine afresh the problems sought to be met by the Code, to weigh for itself what those problems are, how real in the practical world they are in fact, and whether a mechanical and didactic application of the Code to all situations automatically might not be productive of more harm than good, by requiring that the client and the judicial system to sacrifice more than the value of the presumed benefits.

*Aetna Cas. & Sur. Co. v. United States*, 570 F.2d 1197, 1202 (4th Cir. 1978).[5]

---

[5]In *Aetna Cas. & Sur. Co.*, the Fourth Circuit is referring to the Virginia Code of Professional Responsibility, which was replaced by the Virginia Rules of Professional Conduct on January 1, 2000.  *See In re Morrisey*, 305 F.3d 211 (4th Cir. 2002).

Counsel for Morgan Lewis argues in its supplemental memorandum that Mr. Stimpson's withdrawal from the firm relieves the imputed conflict and eliminates any basis for disqualification.  Counsel contends that Rule 1.10 of the Virginia Rules of Professional Conduct, the genesis of the imputed conflict at issue in this case, is limited in application to lawyers currently practicing with the firm.  Rule 1.10(a) provides that "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so."  Va. Rules of Prof'l Conduct 1.10(a).  Morgan Lewis points out that this interpretation is supported by the official comments to Rule 1.10 and Virginia Legal Ethics Opinion No. 1810 (2004).

Morgan Lewis, through counsel, further argues that MTF's disclosure that it intends to offer the non-infringement opinion authored by Mr. Stimpson as evidence in this case in legal effect waives both the attorney-client privilege and any attendant work product immunity.  Morgan Lewis relies upon *In re Echostar Communications Corp.*, 448 F.3d 1294 (Fed. Cir. 2006).  The court in *Echostar* noted that "[o]nce a party announces that it will rely on advice of counsel, for example, in response to an assertion of willful infringement, the attorney-client privilege is waived.  The widely applied standard for determining the scope of a waiver of attorney-client privilege is that the waiver applies to all other communications relating to the same subject matter."  *Echostar Commc'ns*, 448 F.3d at 1299 (internal citations omitted).  Such disclosure has a similar but much more limited effect on the confidentiality of work product.  *Id*. at 1302–04.  The unveiling of

6

any privilege associated with Mr. Stimpson's opinion is a significant factor in weighing the remedy of disqualification.

Although the defendant's initial argument in favor of disqualification may have been firmly rooted, subsequent events have weakened its foundation. The withdrawal of Mr. Stimpson from the firm appears to relieve the imputed conflict driving the disqualification requirement. There is no evidence in this case that Mr. Stimpson provided any information to Mr. Busby or Mr. Matney concerning the non-infringement opinion prepared for MTF. In fact, it appears that Mr. Busby and Mr. Matney have never met Mr. Stimpson. While affiliated with Morgan Lewis, Mr. Stimpson practiced in the New York office, Mr. Busby and Mr. Matney in the Washington office. Therefore, even if the attorney-client privilege continued to attach to communications related to the non-infringement opinion, there is no indication that any such confidential information was imparted to Mr. Busby or Mr. Matney. Therefore, the limiting language of Rule 1.10(b) of the Virginia Rules of Professional Conduct is not implicated in this case.

In the final analysis, this Court finds that disqualification is not warranted. The withdrawal of Mr. Stimpson from Morgan Lewis relieves the firm's potentially adverse relationship with MTF. To require disqualification at this stage of the proceedings would have an adverse impact on the judicial process and severely prejudice the plaintiff. Such a "mechanical and didactic application" of the Virginia Rules of Professional Conduct

would disserve the interest of justice in this case. *Aetna Cas. & Sur. Co.*, 570 F.2d at 1202.

For the foregoing reasons, Defendant's Motion to Disqualify Morgan Lewis & Bockius LLP as Counsel for Plaintiff will be denied.  An appropriate Order will accompany this Memorandum Opinion.

_____
                    /s/

Henry E. Hudson
United States District Judge

Entered this 19th day of April, 2007.
Richmond, VA